Cite as: 556 U. S. ____ (2009)    1

# SUPREME COURT OF THE UNITED STATES

## JOSEPH R. GROOMS *v.* UNITED STATES

ON PETITION FOR WRIT OF CERTIORARI TO THE UNITED
STATES COURT OF APPEALS FOR THE EIGHTH CIRCUIT

No. 07–9086.   Decided May 18, 2009

The motion of petitioner for leave to proceed *in forma pauperis* and the petition for writ of certiorari are granted. The judgment is vacated and the case is remanded to the United States Court of Appeals for the Eighth Circuit for further consideration in light of *Arizona* v. *Gant*, 556 U. S. ___ (2009).

JUSTICE ALITO, dissenting.

In *Arizona* v. *Gant*, 556 U. S. ___ (2009), the Court held that a law enforcement officer who arrests a vehicle occupant may search the vehicle if the officer has reason to believe the vehicle contains evidence of the crime of arrest. *Id.*, at ___ (slip op., at 18). The Court took this test from JUSTICE SCALIA's separate opinion in *Thornton* v. *United States*, 541 U. S. 615, 632 (2004) (opinion concurring in judgment), but did not provide an independent explanation of the basis for or the scope of this rule. As I observed in dissent, 556 U. S., at ___ (slip op., at 10), this test creates a host of uncertainties, and this case illustrates one of the problems.

The petitioner in this case, after arguing with a bouncer in a bar, threatened to retrieve a gun and return to the bar. The bar called the police, who found petitioner in his car near the bar and arrested him on warrants for a moving violation and failing to secure a load. A search of petitioner's car disclosed a gun. Under these circumstances the arresting officers did not have reason to believe that the car contained evidence of the offenses for which petitioner was arrested, but it is arguable that the officers had probable cause to arrest petitioner for violating Mo. Rev. Stat. §574.115 (Supp. 2008) (making a terroristic threat).* If an arrest for making a terroristic threat

———————
*This provision provides in relevant part that "[a] person commits

would have been lawful, this case presents the question whether, when a defendant is arrested pursuant to a warrant, a *Gant* evidence-gathering search may be conducted only when there is reason to believe that the vehicle contains evidence of the offense for which the warrant was issued or whether it is also permissible to search the vehicle for evidence of other offenses for which a warrantless arrest could have been made. This question may be of some importance because, prior to *Gant*, an officer who made an arrest pursuant to a warrant had little reason to inventory the applicable criminal code at the scene of the arrest in order to determine whether a warrantless arrest for another offense would also be justified.

In this case, however, uncertainty as to whether the officers had probable cause to arrest under §574.115 makes review at this time premature.

_____

the crime of making a terrorist threat if such person communicates a threat to cause an incident or condition involving danger to life. . .[w]ith criminal negligence with regard to the risk of causing the evacuation . . . or closure of any portion of a building. . . " It is at least arguable that petitioner was negligent with regard to the possibility that the bar would respond to his threat by closing or evacuating its facility in whole or in part.