# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 07-1384

_____

| | |
|---|---|
| United States of America, | * |
| | * |
| Appellee, | * |
| | *   Appeal from the United States |
| v. | *   District Court for the Western |
| | *   District of Missouri. |
| Joseph R. Grooms, | * |
| | * |
| Appellant. | * |

_____

Submitted: March 19, 2010
Filed: April 28, 2010

_____

Before BYE, BOWMAN, and SMITH, Circuit Judges.

_____

BYE, Circuit Judge.

On June 7, 2005, a federal grand jury returned an indictment in the Western District of Missouri charging Joseph R. Grooms with (1) being a felon in possession of firearms, in violation of 18 U.S.C. §§ 922(g)(1) and 924(e)(1);[1] (2) possession with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C); and

_____

[1] 18 U.S.C. § 924(e) provides that, if the defendant has been convicted of three "violent felonies" or "serious drug offenses," as defined in the statute, then the prescribed punishment for a violation of 18 U.S.C. § 922(g)(1) is not less than fifteen years in prison.

(3) possession with the intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and (b)(1)(C).

On February 7, 2006, Grooms moved to suppress evidence found in his vehicle. The district court[2] adopted the findings of the magistrate judge,[3] holding the search was permitted as a search incident to arrest under the rationale of New York v. Belton, 453 U.S. 454 (1981), and Thornton v. United States, 541 U.S. 615 (2004).

On September 12, 2006, Grooms pleaded guilty to all three counts, reserving the right to appeal the district court's suppression order. The district court sentenced Grooms as an armed career criminal to 188 months of imprisonment on each count, to be served concurrently, followed by five years of supervised release. Grooms appealed the denial of his motion to suppress the evidence found in his vehicle.

We affirmed the district court, holding the search of Grooms's vehicle was a lawful search incident to arrest. United States v. Grooms, 506 F.3d 1088, 1089 (8th Cir. 2007). The Supreme Court reversed, Grooms v. United States, 129 S.Ct. 1981, 1981 (2009), and remanded the case for further consideration in light of Arizona v. Gant, 129 S.Ct. 1710 (2009).

Because the search of Grooms's vehicle was supported by independent probable cause, we once again affirm.

---

[2]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

[3]The Honorable Sarah W. Hays, United States Magistrate Judge for the Western District of Missouri.

# I

Early on the morning of January 28, 2005, Grooms was involved in a verbal altercation with security personnel ("the bouncer") at America's Pub, a nightclub in the Westport Entertainment District of Kansas City, Missouri. Grooms told the bouncer he was returning to his truck to get a gun to use on the bouncer.

Having received a physical description of Grooms, Westport public safety ("WPS") officers identified Grooms as he drove away in his truck. Because Grooms appeared to be leaving the Westport area, the WPS officers did not attempt to stop him. Grooms, however, returned, and legally parked the truck about one-half block from the America's Pub in a valid, unmetered parking spot. As the WPS officers were exiting their vehicles to approach him, Grooms and his passenger exited his truck and shut their doors. Grooms was standing very close to his vehicle, so the WPS officers moved him away from the truck door. Because he had threatened to retrieve a firearm to use on the bouncer, the WPS officers patted him down for weapons and placed him and his passenger in handcuffs. The WPS officers called the Kansas City Missouri Police Department (KCPD) and police officers responded to the scene within minutes.

When the KCPD officers arrived, Grooms was standing next to his truck in handcuffs. The truck was locked and his keys had been taken from him. A KCPD dispatcher confirmed Grooms had an outstanding warrant in Kansas City, Missouri, for a moving violation, and an extraditable warrant in Jackson County from Missouri State Highway Patrol for failure to secure a load.[4] The KCPD officers arrested Grooms on his outstanding warrants.

---

[4]Grooms's passenger was released at the scene because there were no warrants for his arrest.

Prior to the search of the truck, the KCPD officers asked Grooms a few times for his consent to search; Grooms refused. On the dash camera videotape of the incident, an officer can be heard saying to Grooms: "You have an extraditable warrant that gives me the right to search your car." Less than eight minutes after their arrival on the scene, the KCPD officers searched Grooms's truck and found a black, hard plastic case, which appeared to be a gun case. A search of the gun case revealed two handguns. The officers also found a locked gray Sentry lockbox. In the driver's side door compartment of the vehicle, the officers found Grooms's key ring containing the key to the lockbox. Upon opening the locked box, the KCPD officers discovered clear plastic bags containing narcotics and a digital scale. When Grooms was searched, the officers discovered he had a large amount of cash on his person.

Grooms was indicted on drug and gun violations. As a result of his motion to suppress the evidence, the district court held an evidentiary hearing. The Magistrate Judge concluded the search was contemporaneous to Grooms's arrest and justified under Belton. Grooms entered a conditional plea to all counts.

On his first appeal, Grooms argued the search was unconstitutional and all resulting evidence should be suppressed. We affirmed. Grooms, 506 F.3d at 1089. Under the precedent as it existed in this circuit at the time, we read the Supreme Court's decisions in Belton and Thornton as laying down a bright-line rule that when an officer makes "a lawful custodial arrest of the occupant of an automobile, he may, as a contemporaneous incident of that arrest, search the passenger compartment of that automobile." Belton, 453 U.S. at 460.

After we affirmed, the Supreme Court handed down Gant. Gant clarified the scope of law enforcement's authority to search incident to arrest. Gant held that police may "search a vehicle incident to a recent occupant's arrest only when the arrestee is unsecured and within reaching distance of the passenger compartment at the time of the search." Gant, 129 S.Ct. at 1719. In addition, the Gant Court concluded the

"circumstances unique to the vehicle context justify a search incident to a lawful arrest when it is 'reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle.' " Id. (quoting Thornton, 541 U.S. at 632, 124 S.Ct. 2127 (Scalia, J., concurring in judgment)). In light of Gant, the Supreme Court granted Grooms's petition for a writ of certiorari, vacated our decision, and remanded. Grooms, 129 S.Ct. at 1981.

II

Grooms renews his argument that the search of his vehicle violated the Fourth Amendment. The government defends the admissibility of the evidence discovered in the course of the search with three arguments: first, the government argues the search of Grooms's vehicle was supported by probable cause to believe the vehicle might contain evidence relevant to Grooms's alleged threat made to the bouncer; second, the government argues the search was lawful under Gant's second prong, which permits a search incident to a lawful arrest when it is reasonable to believe evidence relevant to the crime of arrest might be found in the vehicle; finally, the government contends that even if the search was illegal, suppression of the evidence discovered during the search is an inappropriate remedy because the police acted in good-faith reliance on this court's caselaw, which, prior to Gant, routinely upheld searches similar to the search at issue here. Because we affirm along the lines of the government's first argument, we need not consider the others today.

A

When an appellant challenges the denial of a suppression motion, we review the lower court's factual findings for clear error and its legal conclusions *de novo*. United States v. Black Bear, 422 F.3d 658, 661 (8th Cir. 2005).

B

Under Missouri law, making certain threats is a crime. "A person commits the crime of peace disturbance if [h]e unreasonably and knowingly disturbs or alarms another person or persons by . . . [t]hreatening to commit a felonious act against any person under circumstances which are likely to cause a reasonable person to fear that such threat may be carried out . . . ." Mo. Stat. § 574.010(1) (2009). Peace disturbance is a misdemeanor. See Mo. Stat. § 574.010(2).

"Probable cause exists when there is a fair probability that contraband or evidence of a crime will be found in a particular place." United States v. Palega, 556 F.3d 709, 714 (8th Cir. 2009) (internal quotations and citations omitted). Here, we have no difficulty concluding probable cause existed to search Grooms's vehicle for evidence related to the alleged threat he made to the bouncer. That Grooms was arrested on outstanding warrants is of no moment in our analysis. In Devenpeck v. Alford, 543 U.S. 146 (2004), the Supreme Court rejected the lower court's holding that "the probable-cause inquiry is . . . confined to the known facts bearing upon the offense actually invoked at the time of arrest, and that (in addition) the offense supported by these known facts must be 'closely related' to the offense that the officer invoked." Id. at 153. The Supreme Court stated that "[o]ur cases make clear that an arresting officer's state of mind (except for the facts that he knows) is irrelevant to the existence of probable cause." Id. (citations omitted). Instead, "[t]hose are lawfully arrested whom the facts known to the arresting officers give probable cause to arrest." Id. at 155. In light of Grooms's threat–Grooms told the bouncer he was returning to his truck to get a gun to use on the bouncer–any gun discovered in Grooms's vehicle would be circumstantial evidence tending to prove that he in fact threatened "to commit a felonious act"–murder–against the bouncer. Cf. Michigan v. Clifford, 464 U.S. 287, 294 (1984) ("[A] criminal search warrant may be obtained only on a showing of probable cause to believe that *relevant evidence* will be found in the place

to be searched." (emphasis added)). Therefore, probable cause existed to search Grooms's vehicle.

Finally, because we conclude the search of Grooms's vehicle was supported by probable cause, it is no longer necessary to justify the warrantless nature of the search as a search incident to arrest; rather, the warrantless search can be justified under the automobile exception. As a rule, "searches conducted outside the judicial process, without prior approval by judge or magistrate, are per se unreasonable under the Fourth Amendment—subject only to a few specifically established and well-delineated exceptions." Katz v. United States, 389 U.S. 347, 357 (1967) (footnote omitted). The Supreme Court has made clear, however, that one of these well-delineated exceptions is the warrantless search of vehicles. See California v. Carney, 471 U.S. 386, 388 (1985). The Supreme Court justified the departure from the traditional warrant requirement because of the lower expectation of privacy in vehicles and also their unique mobility. Id. at 390-91. This "automobile exception" authorizes a search of any area of the vehicle in which the evidence might be found. United States v. Wells, 347 F.3d 280, 287 (8th Cir. 2003). Because law enforcement officers in this case confined their search to the areas of Grooms's vehicle where a gun may have been hidden, the search fits comfortably within the automobile exception to the Fourth Amendment's warrant requirement. We thus conclude that the search of Grooms's vehicle was constitutionally reasonable.

III

We affirm.

_____