# United States Court of Appeals
## For the Eighth Circuit

_____

No. 12-2099

_____

Joseph R. Grooms

*Movant - Appellant*

v.

United States of America

*Respondent - Appellee*

_____

Appeal from United States District Court
for the Western District of Missouri - Kansas City

_____

Submitted: January 17, 2014
Filed: February 21, 2014
[Unpublished]

_____

Before LOKEN, MURPHY, and COLLOTON, Circuit Judges.

_____

PER CURIAM.

Joseph Grooms pled guilty to possession with intent to distribute cocaine, possession with intent to distribute methamphetamine, and felon in possession of firearms. The district court[1] determined that Grooms was subject to enhanced

---

[1]The Honorable Dean Whipple, United States District Judge for the Western District of Missouri.

sentencing under the Armed Career Criminal Act (ACCA), 18 U.S.C. § 924(e)(1), because of three prior violent felony convictions, including a Kansas conviction for involuntary manslaughter. It sentenced Grooms to serve concurrent 188 month terms on each count, and Grooms appealed his convictions. While the appeals were pending, the Supreme Court clarified the definition of a violent felony under § 924(e) in Begay v. United States, 553 U.S. 137 (2008). Grooms now brings a pro se motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255, asserting that his involuntary manslaughter conviction was not a violent felony as defined in Begay. The district court denied his motion, and Grooms appeals. We affirm for the reasons stated.

Grooms was arrested on January 25, 2005 after police received a report that he had threatened to get a gun from his truck and shoot a security employee at a Kansas City night club. Police searched his vehicle and discovered two handguns, quantities of cocaine and methamphetamine, and a digital scale. Grooms told police that the guns were not his, explaining that when he was 17 years old he had accidentally shot and killed his best friend and had been uncomfortable around guns ever since. After his motion to suppress the evidence taken from his truck was denied, Grooms pled guilty to one count each of felon in possession of a firearm, 18 U.S.C. §§ 922(g)(1) and 924(e)(1), possession with intent to distribute cocaine, and possession with intent to distribute methamphetamine, 21 U.S.C. § 841(a)(1) and (b)(1)(C).

The presentence report for Grooms calculated his total offense level to be 25 and his criminal history to be VI, and stated that he was subject to an armed career criminal enhancement under § 924(e) and U.S.S.G. § 4B1.4. The recommended enhancement was based on three prior convictions for violent felonies, including a September 1993 conviction for involuntary manslaughter. Combined with a further enhancement for having possessed firearms in connection with a controlled substance offense, his resulting offense level was 34. After subtracting three levels for acceptance of responsibility and timely notice of intent to plead guilty, the final

offense level for Grooms was 31, resulting in a sentencing guideline range of 188 to 235 months.

During the sentencing hearing, Grooms told the court that while he agreed that two of his prior felonies would support the category of armed career criminal, his involuntary manslaughter conviction would not because the shooting was an accident. The presentence investigation report indicated that Grooms had been 17 years old at the time of the manslaughter conviction and that court records showed the killing was unintentional. Nonetheless, Grooms' attorney did not object to the presentence report or the enhanced guideline range. The district court adopted the report's findings in February 2007 and sentenced Grooms to three concurrent 188 month terms, one for each of the firearm and drug possession counts.

Grooms filed an appeal through new counsel, challenging his conviction, but not his sentence, on grounds that the district court had erred in admitting the evidence taken from his vehicle. We affirmed his conviction in November 2007. The following April the Supreme Court issued its decision in Begay, clarifying the definition of a violent felony under § 924(e). 553 U.S. 137 (2008). The next month the Supreme Court reversed Grooms' conviction, remanding his case for further consideration of the lawfulness of his vehicle search in light of Arizona v. Gant, 556 U.S. 332 (2009). Grooms v. United States, 556 U.S. 1231 (2009). We reopened Grooms' case in January 2010 and ordered the parties to file supplemental briefs on the vehicle search issue. Grooms complied, filing a brief which again did not challenge his sentence and made no mention of Begay. We reaffirmed Grooms' conviction in April 2010, and the Supreme Court denied certiorari on October 12, 2010 and rehearing on January 18, 2011.

Grooms then filed this pro se motion on October 3, 2011 to vacate, set aside, or correct his sentence under § 2255. He argues that his involuntary manslaughter conviction does not qualify as a violent felony under the Supreme Court's analysis in

Begay. He asserts that his 188 month sentence for possession of firearms is thus illegal. The district court denied his motion, and Grooms appeals. We review de novo the denial of a § 2255 motion and review underlying findings of fact for clear error. United States v. Lee, 715 F.3d 215, 221 (8th Cir. 2013). Section 2255 entitles a federal prisoner to relief if his "sentence was imposed in violation of the Constitution or laws of the United States, or . . . was in excess of the maximum authorized by law." King v. United States, 595 F.3d 844, 852 (8th Cir. 2010) (quoting 28 U.S.C. § 2255(a)).

A preliminary question is whether Grooms procedurally defaulted his Begay claim. A prisoner who fails to raise a claim on direct appeal generally may not raise it in a § 2255 motion. Jennings v. United States, 696 F.3d 759, 762–63 (8th Cir. 2012). An exception to this rule exists when "new law has been made since the trial and appeal." Davis v. United States, 417 U.S. 333, 342 (1974) (internal quotation marks and ellipsis omitted). Procedural default will be excused if the petitioner shows cause and prejudice or miscarriage of justice. Winfield v. Roper, 460 F.3d 1026, 1034 (8th Cir. 2006). Grooms first argues that his failure to raise this claim on direct appeal falls within the new law exception because Begay was decided while his appeal was still pending. While that is true, Grooms' appeal had been reopened for new briefing after the Supreme Court had decided Begay and remanded his case. That gave Grooms a new procedural opportunity to raise his claim. See Reed v. Ross, 468 U.S. 1, 14 (1984). He failed to so, and we therefore conclude that Grooms procedurally defaulted it.

Grooms next argues that he had cause for his default because his appellate counsel was unaware of the existence and relevance of Begay at the time his appeal was reopened for new briefing. He states that he only became aware of Begay's relevance while he was preparing the pro se motion now before the court. Cause may be satisfied when a "claim is so novel that its legal basis is not reasonably available to counsel" at the time of appeal. Reed, 468 U.S. at 16. In Reed, the Court excused

a prisoner's procedural default on a constitutional claim because its precedent at the time of his default would not have supported it; only a single circuit had. Id. at 18. In contrast, Begay was law at the time of Grooms' default, and at the time his attorney filed supplemental briefing, three other circuits had interpreted Begay to exclude offenses with the mens rea of recklessness from the category of violent felonies. United States v. Ossana, 638 F.3d 895, 901 (8th Cir. 2011) (citing United States v. Gray, 535 F.3d 128, 131–32 (2d Cir. 2008); United States v. Esparza-Herrera, 557 F.3d 1019, 124–25 (9th Cir. 2009); United States v. McFalls, 592 F.3d 707, 716 (6th Cir. 2010)). There was thus a reasonable basis upon which to develop a legal theory under Begay at the time Grooms' appeal was reopened, and he cannot show cause for his default. As Grooms fails to show cause and prejudice excusing his procedural default and does not seek any other exception, he is barred from bringing his claim.

In any event, the district court could have legally sentenced Grooms to a 188 month sentence for his drug convictions alone. The statutory maximum for Grooms' drug convictions is 20 years imprisonment, 21 U.S.C. § 841(b)(1)(C). Grooms' two unchallenged violent felony convictions qualified him as a career offender under U.S.S.G. § 4B1.1. Because of the 20 year maximum penalties for Grooms' two drug convictions, his base offense level would have been 32, § 4B1.1(b)(3), reduced to 29 because of his acceptance of responsibility and timely notice of intent to plead guilty. § 3E1.1(a), (b). With a criminal history of VI, Grooms' sentencing range for the two drug convictions would have been 151 to 188 months even without an armed career criminal enhancement.

The judgment of the district court is affirmed.

_____