# United States Court of Appeals
### For the Eighth Circuit

_____

No. 18-3594
_____

United States of America

*Plaintiff - Appellee*

v.

Delandus McGhee

*Defendant - Appellant*

_____

Appeal from United States District Court
for the Eastern District of Arkansas - Little Rock

_____

Submitted: September 27, 2019
Filed: December 10, 2019
[Published]

_____

Before SMITH, Chief Judge, WOLLMAN and ERICKSON, Circuit Judges.

_____

PER CURIAM.

Delandus McGhee entered a conditional plea of guilty to a charge of being a
felon in possession of a firearm after the district court[1] denied a motion to suppress

_____

[1]The Honorable Brian S. Miller, United States District Judge for the Eastern
District of Arkansas.

a handgun found during a search of McGhee's automobile. Because the search was supported by probable cause, we affirm.

## I. Background[2]

During the early morning hours of June 11, 2017, Officer Brandon Bennett of the North Little Rock Police Department responded to a traffic accident involving Delandus McGhee. McGhee told Officer Bennett that he was in a hurry to pick up and take his daughter to the hospital. Officer Bennett expedited his processing of the accident, citing McGhee for unsafe driving and releasing him on a traffic summons. Twenty-five minutes later, Officer Bennett observed McGhee driving in the same vicinity. Suspicious, Officer Bennett ran a background check on McGhee and discovered an outstanding arrest warrant and a suspended driver's license.

Officer Bennett decided to execute the warrant, and eventually found McGhee asleep in his parked car. Officer Bennett woke McGhee and ordered him out of the vehicle. As he exited, with Officer Bennett securing his left arm, McGhee reached down toward the car's floormat. Officer Bennett told him not reach for anything, grabbed McGhee's right arm, and handcuffed him. McGhee informed Officer Bennett he was attempting to retrieve his shoe. Having secured McGhee, Officer Bennett went to retrieve the shoe and noticed the floormat had an extremely raised center. Officer Bennett brought the shoe to McGhee, returned to the car, and lifted

---

[2] We take the following facts from the district court's decision—the same source the parties use in their appellate briefs—supplemented by those asserted by McGhee in his district-court filings and repeated in his briefing here. Because the parties agree to the material facts, the district court did not abuse its discretion in deciding this case without a hearing. See United States v. Stevenson, 727 F.3d 826, 830 (8th Cir. 2013) ("A district court must hold an evidentiary hearing only when the moving papers are sufficiently definite, specific, and detailed to establish a contested issue of fact.").

the floormat to find the firearm for which McGhee pled guilty and was sentenced to seventy-seven months' imprisonment.

McGhee brought a motion to suppress claiming the search was warrantless and unsupported by probable cause. The district court denied the motion to suppress without a hearing, holding that the search fit within the automobile exception to the warrant requirement. McGhee conditionally pled guilty reserving the right to appeal the denial of his motion.

## II. Discussion

When a motion to suppress is appealed, we review the district court's legal conclusions *de novo* and its factual findings for clear error. United States v. Shackleford, 830 F.3d 751, 752 (8th Cir. 2016). We will affirm an order denying suppression unless it lacks substantial evidence in the record, is based on an error of law, or when viewed in the light of the entire record we are left with a firm and definite conviction that a mistake has been made. United States v. Farnell, 701 F.3d 256, 260–61 (8th Cir. 2012).

A search generally requires a warrant to pass muster under the Fourth Amendment. E.g., Riley v. California, 573 U.S. 373, 381–82 (2014). Warrantless searches, however, can satisfy our Constitution if they fit within an exception to the warrant requirement. Id. at 382. The automobile exception is one of these, allowing an officer to legally search a vehicle if he has probable cause. Shackleford, 830 F.3d at 753; see also United States v. Grooms, 602 F.3d 939, 942–43 (8th Cir. 2010) ("The Supreme Court justified the departure from the traditional warrant requirement because of the lower expectation of privacy in vehicles and also their unique mobility.").

Probable cause is present "where there is a fair probability that contraband or evidence of a crime will be found in a particular place." Shackleford, 830 F.3d at 753 (cleaned up). In other words, "[a] police officer has probable cause to conduct a search when the facts available to him would warrant a person of reasonable caution in the belief that contraband or evidence of a crime is present." United States v. Murillo–Salgado, 854 F.3d 407, 418 (8th Cir. 2017) (cleaned up). Probable cause does not "require evidence sufficient to support a conviction, nor even evidence demonstrating that it is more likely than not that the suspect committed a crime." United States v. Donnelly, 475 F.3d 946, 954 (8th Cir. 2007) (cleaned up).

Officer Bennett had probable cause here for the reasons cited by the district court: McGhee's duplicity at the traffic stop a few hours before his arrest and his sudden reach toward the floormat as Officer Bennett was escorting him from the vehicle both tend to support a finding of probable cause. See United States v. Jones, 535 F.3d 886, 891 (8th Cir. 2008) ("Evasive behavior, while not alone dispositive, is another fact supporting probable cause."); United States v. Ameling, 328 F.3d 443, 449 (8th Cir. 2003) (noting that, among other things, "apparently false statements and inconsistent stories were sufficient to give the officers probable cause that the defendants were involved in criminal conduct").

Adding to Officer Bennett's reasonable suspicion of illegal activity is the conspicuously raised floormat. Myriad cases have been reported where police found contraband underneath a vehicle's floormat. See, e.g., Begley v. United States, No. 17–5039, 2017 WL 6945554, at *1 (6th Cir. Aug. 25, 2017) (methamphetamine); United States v. Vinton, 594 F.3d 14, 21–22 (D.C. Cir. 2010) (butterfly knife); United States v. Rivera, 152 F. Supp. 2d 61, 64 (D. Mass. 2001) (pistol). With this, we are persuaded that the totality of the relevant circumstances here establish probable cause for Officer Bennett's search. See United States v. Hager, 710 F.3d 830, 836 (8th Cir. 2013) ("Courts should apply a common sense approach and, considering all relevant circumstances, determine whether probable cause exists." (cleaned up)).

-4-

## III. Conclusion

We affirm the district court's denial of McGhee's motion to suppress.

_____