# United States Court of Appeals
## For the Eighth Circuit

_____

No. 24-3332
_____

United States of America

*Petitioner - Appellee*

v.

Timothy McGraddie Drake

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Eastern District of Missouri - Cape Girardeau
_____

Submitted: January 16, 2026
Filed: June 8, 2026
[Unpublished]
_____

Before LOKEN, GRUENDER, and GRASZ, Circuit Judges.
_____

PER CURIAM.

Timothy Drake was indicted for possession with intent to distribute 50 grams or more of a mixture or substance containing methamphetamine, in violation of 21 U.S.C. § 841(a)(1) and 841(b)(1)(B), after a traffic stop. Drake moved to suppress the evidence uncovered during the stop, arguing that the search violated the Fourth

Amendment. The district court[1] denied Drake's motion, and he then pled guilty to one count of possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1), a lesser included offense. He was sentenced to 41 months of imprisonment and 36 months of supervised release. Drake reserved the right to appeal the district court's denial of his motion to suppress in his plea agreement. He now does so, and we affirm.

On June 5, 2023, Officer Perkins of the Kennett, Missouri Police Department observed Drake driving at night without his taillights illuminated. Officer Perkins pulled Drake over and he got out of his vehicle to confront Officer Perkins about the stop. Officer Perkins asked Drake to return to his vehicle and for his license, but he did not immediately comply. When Drake finally returned to his vehicle, Officer Perkins accompanied him and immediately noticed "a strong odor of marijuana emitting from the vehicle" when Drake opened the door. Officer Perkins later testified that he "believed that it may be in the vehicle or Mr. Drake may have just possibly smoked some marijuana." After conversing with Drake, Officer Perkins learned that Drake was driving with a suspended license. During the remainder of the stop, Drake continued to exhibit evasive and agitated behavior. The stop escalated by Drake continuing to be extremely agitated and getting in Officer Perkins's face, causing Officer Perkins to handcuff Drake.

After Officer Perkins handcuffed Drake, he discovered the vehicle was not insured. So, Officer Perkins called for a tow truck. Officer Perkins then searched the vehicle and discovered more than 300 methamphetamine pills, 7.5 ounces of marijuana, drug paraphernalia, and $20,284. Following this discovery, Drake was indicted and entered a conditional plea to possession with intent to distribute methamphetamine. Drake now appeals the denial of his motion to suppress, arguing in relevant part, the odor of marijuana coming from his vehicle was insufficient to

---

[1]The Honorable Stephen N. Limbaugh, Jr., United States District Judge for the Eastern District of Missouri.

establish probable cause to search his vehicle because recreational marijuana is legal in Missouri.

When reviewing the denial of a motion to suppress, we review the district court's factual findings for clear error and its legal conclusions de novo. *United States v. McGhee*, 944 F.3d 740, 742 (8th Cir. 2019). Additionally, "[we] 'may affirm the district court's denial of a motion to suppress on any ground supported by the record.'" *United States v. Mayo*, 97 F.4th 552, 555 (8th Cir. 2024) (quoting *United States v. Mays*, 993 F.3d 607, 614 (8th Cir. 2021)).

"During a lawful investigatory traffic stop, officers may search a vehicle without a warrant when they develop probable cause to believe it contains contraband or evidence of criminal activity" under the automobile exception. *United States v. Merrett*, 8 F.4th 743, 751 (8th Cir. 2021) (quoting *United States v. Williams*, 955 F.3d 734, 737 (8th Cir. 2020) (cleaned up)). "Probable cause exists when, given the totality of the circumstances, a reasonable person could believe there is a fair probability that contraband or evidence of a crime would be found in a particular place." *United States v. Soderman*, 983 F.3d 369, 375 (8th Cir. 2020) (quoting *United States v. Murillo-Salgado*, 854 F.3d 407, 418 (8th Cir. 2017)). This is an objective standard that requires us to "afford officers 'substantial latitude in interpreting and drawing inferences from factual circumstances.'" *Brown v. City of St. Louis*, 40 F.4th 895, 900 (8th Cir. 2022) (quoting *Just v. City of St Louis*, 7 F.4th 761, 767 (8th Cir. 2021)).

Possession of recreational marijuana may be legal in Missouri, but "[o]perating or being in physical control of any motor vehicle . . . while under the influence of marijuana" is not. Mo. Const. art. XIV § 2(3)(1)(d). Considering the strong odor of marijuana Officer Perkins smelled coming from Drake's vehicle, as well as his evasive and erratic behavior during the stop, we conclude Officer Perkins could have reasonably believed he would discover evidence that Drake had operated a motor vehicle while under the influence of marijuana by searching his car.

Consequently, Perkins had probable cause to search Drake's vehicle under the automobile exception.

As a result, we affirm the district court's judgment.

_____